| | |
|---|---|
| AHMAD ALJINDI, | Nos. 2:17-cv-01990-JAM-KJN (PS) / |
| Plaintiff, | 2:17-cv-02288-KJM-KJN (PS) |
| v. | ORDER |
| NORTHCENTRAL UNIVERSITY, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, who proceeds *pro se*, has filed two actions against Northcentral University, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. On September 26, 2017, plaintiff filed the first action, Aljindi v. Northcentral University, No. 2:17-cv-01990-JAM-KJN (PS) (E.D. Cal.) ("Aljindi I"), alleging that defendant Northcentral University discriminated against plaintiff based upon his national origin and religion and later retaliated against him for making complaints, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's motion to proceed *in forma pauperis* was granted on October 20, 2017. (Aljindi I, ECF No. 4.) Thereafter, on October 31, 2017, defendant Northcentral University was served a copy of the September 26, 2017 complaint. (Id., ECF No. 8.) On the same day, plaintiff filed a motion to appoint counsel. (Id., ECF No. 7.)

1

| | |
|---|---|
| 1 | On October 31, 2017, plaintiff also filed <u>Aljindi v. Northcentral University</u>, No. 2:17-cv- |
| 2 | 02288-JAM-KJN (PS) (E.D. Cal.) ("<u>Aljindi II</u>").  Here, plaintiff again alleges that Northcentral |
| 3 | University has discriminated and retaliated against him, but also alleges that defendant has bribed |
| 4 | officials from the Equal Employment Opportunity Commission ("EEOC"), so that the officials |
| 5 | would close plaintiff's complaints with the EEOC.  Along with his October 31, 2017 complaint, |
| 6 | plaintiff filed a motion to proceed *in forma pauperis*, a motion to appoint counsel, and a notice of |
| 7 | related case.  (<u>See</u> <u>Aljindi II</u>, ECF Nos. 2–4.) |
| 8 | Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a |
| 9 | common question of law or fact, and consolidation is proper when it serves the purposes of |
| 10 | judicial economy and convenience.  "The district court has broad discretion under this rule to |
| 11 | consolidate cases pending in the same district."  <u>Investors Research Co. v. United States District</u> |
| 12 | <u>Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989).  In determining whether |
| 13 | to consolidate actions, the Court weighs the interest of judicial convenience against the potential |
| 14 | for delay, confusion, and prejudice caused by consolidation.  <u>Southwest Marine, Inc., v. Triple A.</u> |
| 15 | <u>Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  Here, the two actions involve |
| 16 | common questions of law and clearly arise out of the same nucleus of common facts.  Thus, in |
| 17 | light of the above factors, consolidation is warranted. |
| 18 | Moreover, in the interest of judicial convenience and in order to avoid confusion, the court |
| 19 | concludes that plaintiff's claims ought to be restated in a single unified amended complaint. |
| 20 | "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain |
| 21 | statement of the claim showing that the pleader is entitled to relief.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. |
| 22 | 662, 677–78 (2009).  As it stands, each complaint is over 80 pages in length.  (<u>See</u> <u>Aljindi I</u>, ECF |
| 23 | No. 1 (114 pages); <u>Aljindi II</u>, ECF No. 1 (87 pages).)  At the same time, there is no single |
| 24 | pleading that adequately states all the issues raised by plaintiff against defendant.  Therefore, the |
| 25 | court dismisses both complaints, but affords plaintiff an opportunity to provide an amended |
| 26 | complaint with a short and plain statement of all of his claims against Northcentral University, |
| 27 | showing that he is entitled to relief. |
| 28 | //// |

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, **shall not exceed 20 pages**, **shall include all claims plaintiff wishes to bring against defendant**, and shall be filed within 28 days of this order in case number Aljindi v. Northcentral University, No. 2:17-cv-01990-JAM-KJN (PS).

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

As to plaintiff's motions to appoint counsel, it is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Furthermore, there are no exceptional circumstances warranting the appointment of counsel in this case. Although the court is sympathetic to the difficulties faced by *pro se* litigants in litigating their own cases in federal court, the court has extremely limited resources to appoint attorneys in civil cases. Here, plaintiff's claim is not unusually complex and can be reasonably prosecuted by a *pro se* plaintiff. As such, plaintiff's motions for appointment of counsel are denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The actions Aljindi v. Northcentral University, No. 2:17-cv-01990-JAM-KJN (PS) and Aljindi v. Northcentral University, No. 2:17-cv-02288-JAM-KJN (PS) are consolidated.

2. The Clerk of Court shall file a copy of this order in both cases in order to notify all parties of the consolidation.

////

3. Upon filing this order, the Clerk of Court shall administratively close <u>Aljindi v. Northcentral University</u>, No. 2:17-cv-02288-JAM-KJN (PS).

4. All future filings shall be in <u>Aljindi v. Northcentral University</u>, No. 2:17-cv-01990-JAM-KJN (PS).

5. Plaintiff's motion to proceed *in forma pauperis* in the second action (<u>Aljindi II</u>, ECF No. 2) is denied as moot.

6. Plaintiff's motions to appoint counsel (<u>Aljindi I</u>, ECF No. 7; <u>Aljindi II</u>, ECF No. 3) are denied.

7. The complaints in both actions (<u>Aljindi I</u>, ECF No. 1; <u>Aljindi II</u>, ECF No. 1) are dismissed, but with leave to amend.

8. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.

9. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November 2, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ aljindi.17-1990.17-2288.consol