UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD J. ALJINDI, | No. 2:17-cv-01990-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| NORTHCENTRAL UNIVERSITY, | |
| Defendant. | |

Plaintiff Ahmad J. Aljindi, who proceeds in this action without counsel, filed his first amended complaint on November 9, 2017. (ECF No. 18.) Simultaneously, plaintiff filed a motion to disqualify the magistrate judge (ECF No. 13), a motion to appoint counsel (ECF No. 14), and a motion to utilize the electronic filing system (ECF No. 16).

In his first amended complaint, plaintiff, a Middle Eastern Muslim whose nation of origin is Syria, alleges that he was discriminated and retaliated against by defendant Northcentral University, based on his race, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended. (See generally ECF No. 18.) Plaintiff also alleges that defendant bribed officials at the Equal Employment Opportunity Commission, in an effort to stymie plaintiff's complaints against defendant with the Commission. (Id.)

////

1

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the first amended complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's first amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the first amended complaint on defendant.

Prior to filing the first amended complaint and these three motions on November 9, 2017, plaintiff previously filed motions to appoint counsel (ECF No. 7), and to utilize the electronic filing system (ECF No. 3), both of which were denied. (ECF Nos. 4, 11.) The court construes plaintiff's duplicative November 9, 2017 motions to appoint counsel and to utilize the electronic filing system, as motions for reconsideration. However, there have been no changes in fact or law to justify appointing counsel or granting plaintiff permission to use the electronic filing system. As such, plaintiff's November 9, 2017 motions to appoint counsel (ECF No. 14) and to utilize the electronic filing system (ECF No 16) are denied for the same reasons set forth in the court's previous orders. (See ECF Nos. 4, 11.)

As to plaintiff's motion to disqualify the magistrate judge, there is no evidence to support plaintiff's conclusory assertion that the undersigned "has shown acute prejudice against the Plaintiff and blatant partiality for the Defendant." (ECF No. 13 at 1.) Aside from reaching conclusions with which plaintiff disagrees, plaintiff has failed to demonstrate how the undersigned has shown prejudice against him. While plaintiff is not pleased with the court's prior orders, they have been based upon sound application of the appropriate legal standards. (See ECF Nos. 4, 11.)

Moreover, this case proceeds before the undersigned pursuant to federal statute and the local rules of the Eastern District of California. 28 U.S.C. § 636(b)(1) grants district judges the authority to designate magistrate judges to hear a wide variety of matters. Pursuant to 28 U.S.C. § 636(b)(1)(B), the local rules of this court provide that "[i]n Sacramento, all [civil] actions in

which all the plaintiffs or defendants are proceeding *in propria persona*, including dispositive and non-dispositive motions and matters" shall be assigned to a magistrate judge. E.D. Cal. L.R. 302(c)(21).

The only plaintiff in this matter is proceeding without an attorney, *in propria persona*. Thus, the rules of this court determine that all motions in this matter will be considered initially by a magistrate judge. See E.D. Cal. L.R. 302(c)(21). At the same time, since plaintiff has declined to proceed before a magistrate judge (ECF No. 12), United States District Judge John A. Mendez retains jurisdiction over this case. As a result, Judge Mendez will decide any dispositive motion, after a magistrate judge makes non-binding findings and recommendations. See 28 U.S.C. § 636(b)(1)(B).

Therefore, there is no legal basis for plaintiff's motion to disqualify the undersigned magistrate judge from this matter. Additionally, because plaintiff's current motions are not dispositive, the undersigned may decide these issues by order.

Finally, plaintiff is advised that any motion he files with the court must comply with Federal Rule of Civil Procedure 11(b). The court will summarily dismiss any future motion that is duplicative to a motion the court has already considered and denied, unless the new motion is based upon changed factual or legal circumstances that justify reconsideration. Furthermore, the court may order monetary sanctions against any party who files a frivolous or duplicative motion.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to disqualify the magistrate judge (ECF No. 13), to appoint counsel (ECF No. 14), and for permission to utilize the electronic filing system (ECF No. 16) are DENIED.

2. Service of the first amended complaint (ECF No. 18) is appropriate for defendant Northcentral University.

4. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

5. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to

3

| | |
|---|---|
| 1 | exercise jurisdiction for all purposes. |
| 2 | 6. Plaintiff is advised that to effectuate service, the U.S. Marshal will require: |
| 3 | a. One completed summons; |
| 4 | b. One completed USM-285 form for each defendant to be served; |
| 5 | c. A copy of the first amended complaint for each defendant to be served, |
| 6 | with an extra copy for the U.S. Marshal; and |
| 7 | d. A copy of this court's scheduling order and related documents for each |
| 8 | defendant to be served. |

6. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the first amended complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served.

7. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

8. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.

9. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

10. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

11. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November 15, 2017

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-1990.aljindi.service of fac.etc