UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD J. ALJINDI,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHCENTRAL UNIVERSITY,<br><br>    Defendant. | No. 2:17-cv-01990-JAM-KJN PS<br><br><br><br>ORDER |

I.     INTRODUCTION

    On September 26, 2017, plaintiff Ahmad J. Aljindi, who proceeds *pro se*, commenced this civil rights action, pursuant to 42 U.S.C. §§ 2000e–2000e-17, against defendant Northcentral University. (See ECF No. 1.)[1] Plaintiff filed the operative first amended complaint on November 9, 2017. (ECF No. 18.) Presently pending before the court are plaintiff's motion to transfer venue, and motion for default judgment (ECF Nos. 38, and 46), as well as defendant's motion to dismiss (ECF No. 41). An opposition and reply was filed to each motion. (ECF Nos. 45, 50, 51, 52, 54, 55). These motions came on regularly for hearing on February 22, 2018, at 10:00 a.m. (ECF No. 56.) At the hearing, *pro se* plaintiff Ahmad J. Aljindi appeared telephonically and Anthony J. DeCristoforo and Paul M. Smith appeared on behalf of defendant.

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

After carefully considering the written briefing, the oral arguments of counsel, the court's record, and the applicable law, the court DENIES plaintiff's motion to transfer venue; DENIES plaintiff's motion for default judgment; GRANTS defendant's motion to dismiss; and DISMISSES the first amended complaint with leave to amend.

II. RELEVANT BACKGROUND

When plaintiff initiated this action on September 26, 2017, he requested leave to proceed *in forma pauperis* (ECF No. 2), which the court granted (ECF No. 4). Thereafter, plaintiff filed several motions to disqualify the magistrate judge, to utilize the court's electronic filing system, and to appoint counsel. (See ECF Nos. 3, 7, 13, 14, 16, 23.) Each of these motions was denied. (See ECF Nos. 4, 11, 20, 26.)

On October 31, 2017, plaintiff initiated a second action against defendant Northcentral University. See Aljindi v. Northcentral University, No. 2:17-cv-02288-JAM-KJN (PS) (E.D. Cal.). The court consolidated this second action with the instant action, and directed plaintiff to file a first amended complaint in the instant action, to bring all related claims in a single complaint. (See ECF No. 11.)

Plaintiff filed the first amended complaint on November 9, 2017. (ECF No. 18.) Then, on November 15, 2017, while simultaneously denying three of plaintiff's motions (ECF Nos. 13, 14, 16), the court determined that service of the first amended complaint was appropriate, but explicitly advised that

> The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's first amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading.

(ECF No. 20 at 2.)

The first amended complaint alleges that plaintiff—a Middle Eastern Muslim whose nation of origin is Syria—was discriminated and retaliated against by defendant Northcentral University, based on his race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended. (See generally ECF No. 18.) It also alleges that defendant

2

bribed officials at the Equal Employment Opportunity Commission ("EEOC"), in an effort to have the EEOC dismiss plaintiff's complaints against defendant. (Id.)

On November 22, 2017, defendant was sent a waiver of service, along with the first amended complaint, which defendant signed and returned on January 9, 2018. (ECF No 35.) The wavier explicitly advised "that a judgment may be entered against [defendant] . . . if an answer or motion under Rule 12 is not filed . . . and served upon plaintiff within 60 days after 11/22/2017." (Id.)

On Monday, January 22, 2018—61 days after November 22, 2017—defendant filed and served a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41.) The following day, plaintiff opposed defendant's motion to dismiss; filed a motion for default judgment; and requested the Clerk of Court for an entry of default. (ECF Nos. 45, 46, 47). The Clerk of Court declined plaintiff's request for entry of default because defendant had filed a motion to dismiss. (See ECF No. 49.) Then, defendant replied to plaintiff's opposition and opposed plaintiff's motion for default judgment. (ECF Nos. 50, 52.)

Previously, on January 16, 2018, plaintiff filed a motion to transfer venue to the United States District Court for the Central District of California ("Central District") (ECF No. 38), which defendant has also opposed (ECF No. 51). On February 15, 2018, plaintiff changed his address of record with the court to a P.O. Box in Irvine, California. (See ECF No. 53.) At the hearing, plaintiff asserted that he currently resides in Riverside County, California.

III. DISCUSSION

    A.    <u>Motion to Transfer Venue</u>

        1.    *Legal Standard*

"[A] district court may transfer any civil action to any other district or division where it might have been brought" based upon three factors: the convenience of parties, the convenience of witnesses, and the interest of justice. 28 U.S.C. § 1404(a). These "factors are in the inherently broad discretion of the [c]ourt, allowing the [c]ourt to consider the particular facts of each case. . . . [and they] break down to a number of relevant considerations: convenience of witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process." E. &

J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994) (internal citations omitted).

"The convenience of witnesses is said to be the most important factor in passing on a transfer motion." Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (internal citations omitted); accord Filmline (Cross-Country) Productions, Inc. v. United Artists Corp. (2nd Cir. 1989) 865 F2d 513, 520; Navajo Nation v. Urban Outfitters, Inc. (D NM 2013) 918 F.Supp.2d 1245, 1256.

"While it is unusual for a plaintiff to move to transfer venue, a plaintiff may seek a transfer pursuant to Section 1404(a)." Cox v. Ashcroft, No. CVF05-149OWW/GSA, 2008 WL 802314, at *1 (E.D. Cal. Mar. 25, 2008). However, "a number of courts have held that when a plaintiff seeks to transfer venue, she must first demonstrate there has been a change in circumstances since the case was originally filed justifying transfer." Howard v. CVS Caremark Corp., No. CV1304748SJOPJWX, 2013 WL 12164627, at *2 (C.D. Cal. Aug. 22, 2013) (collecting cases).

Little deference is given to plaintiff's choice of venue, "when the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit," Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 482 (D. Del. 1987); accord Piper Aircraft Co. v. Reyno 454 US 235, 236 (1981), or when it is apparent that plaintiff is engaged in forum shopping. Royal Queentex Enterprises v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000).

2.  *Analysis*

Plaintiff moves to transfer this case to the Central District, asserting that defendant's headquarters is a reasonable distance from that forum. (ECF No. 38.) Plaintiff claims that he only brought this case in the Eastern District of California ("Eastern District") because he had to temporarily relocate to Northern California due to defendant's alleged "violations against him which caused him severe poverty and hardship." (Id.) Plaintiff maintains that he has recently moved back to Riverside County, California, which is within the geographical boundary of the Central District. (See ECF No. 53.)

In opposition, defendant concedes that this action could have initially been brought in either forum, but argues that the Central District is no more appropriate than the Eastern District, as all relevant witnesses and documents are located in the District of Arizona. (ECF No. 51.) Defendant also suggests that plaintiff's true motivation is to forum shop, as plaintiff has already filed several unsuccessful motions in the Eastern District. (Id.)

Weighing the relevant factors, plaintiff has failed to demonstrate that transfer to the Central District is appropriate. First, the most important factor—the convenience of the witnesses—weighs against transferring this matter to the Central District because plaintiff has failed to demonstrate that any of the relevant witnesses have a connection to that forum. See Los Angeles Mem'l Coliseum Comm'n, 89 F.R.D. at 501. Plaintiff does not dispute that all relevant witnesses and documents are located in Arizona. Yet, aside from stating that defendant's headquarters is within a reasonable distance from the Central District, plaintiff has not demonstrated that the Central District would be any more convenient than the Eastern District for the relevant witnesses. At the same time, defendant asserts that the Central District would not be a convenient forum for the relevant witnesses. (See ECF No. 51 at 5.)

Second, the interest of justice and judicial economy strongly weigh against transferring this case. The Eastern District has already made several rulings in this matter, and is familiar with the proceedings. Indeed, as explained below, the court is dismissing the first amended complaint, and granting plaintiff one final chance to amend his pleading. A transfer at this juncture would only waste judicial resources, as the Central District would have to familiarize itself with the record, which now includes over 50 entries on the docket.

Third, the convenience of the parties is neutral, at best, regarding transfer to the Central District. While plaintiff currently resides within the Central District and asserts that the forum would be more convenient for him, plaintiff originally filed this case in the Eastern District. As a result, defendant retained counsel with experience litigating in the Eastern District. (See ECF No. 51 at 6.) Thus, while a transfer may be more convenient for plaintiff, it would burden defendant, who has prepared for litigation in the Eastern District.

////

Moreover, plaintiff has failed to demonstrate a change in circumstances that justifies transfer. See Howard, 2013 WL 12164627, at *2.  While plaintiff maintains that he only brought this case in the Eastern District because he had temporarily relocated to Northern California at the time, he was not prevented from bringing this case in the Central District in the first instance.  See 28 U.S.C. § 1391(b) (venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . [or in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").  Even though all courts do not mandate that a plaintiff demonstrate a change in circumstances justifying transfer, plaintiff's failure to make such a showing here certainly weighs against granting his request because plaintiff seeks to change the venue he originally and freely chose.

Finally, the court need not determine whether plaintiff's motion to transfer venue is motivated by forum shopping, as defendant suggests, because plaintiff has failed to convince the court that a transfer of venue is otherwise appropriate.

For the above reasons, plaintiff's motion to transfer venue is denied.[2]

B. Motion for Default Judgment

1. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 55, the Clerk of Court must enter default as to a defendant, "against whom a judgment for affirmative relief is sought," when the defendant "has failed to plead or otherwise defend, and that failure is shown [by plaintiff] by affidavit or otherwise." Fed. R. Civ. P. 55(a).  After an entry of default, plaintiff may seek a default judgment against that defendant.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe

---

[2] However, because the relevant witnesses, evidence, and defendants are located in Arizona, the court would entertain a stipulated motion to transfer this matter to the United States District Court for the District of Arizona.

v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers several factors, including "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Indeed, default judgments are ordinarily disfavored. Id. at 1472.

According to the Federal Rules of Civil Procedure, when a defendant has completed a waiver of service sent with a complaint, he has "60 days after the request for a waiver was sent" to serve a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(ii). When the last day of the 60 day period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

2. *Analysis*

Plaintiff moves for default judgment against defendant, under Rule 55, arguing that defendant failed to timely respond to the complaint that was served on November 2, 2017, and the first amended complaint that was served on November 22, 2017. (See ECF No. 46-2.) Plaintiff's arguments are not well taken.

The operative complaint here is the first amended complaint. Defendant was not required to respond to the complaint sent on November 2, 2017. However, as explained, defendant signed and returned the wavier of service that was sent along with the first amended complaint on November 22, 2017. (ECF No 35.) As a result, defendant had 60 days, until January 21, 2018, to file and serve a responsive pleading. See Fed. R. Civ. P. 12(a)(1)(A)(ii). Because January 21, 2018 was a Sunday, the period for defendant to file a responsive pleading was extended until Monday, January 22, 2018. See Fed. R. Civ. P. 6(a)(1)(C). On January 22, 2018, defendant filed a responsive pleading—a motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 41.) The Clerk of Court properly declined to enter default against defendant due to the fact that defendant had filed a timely motion to dismiss. (See ECF No. 49.)

Therefore, there is no basis for the court to order default judgment against defendant, and plaintiff's motion for default judgment is denied.

////

////

7

C.  Motion to Dismiss

1.  *Legal Standard*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

////

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

2. *Analysis*

Defendant moves to dismiss plaintiff's first amended complaint on the basis that it fails to state a claim upon which relief may be granted; it fails to provide a short plain statement of plaintiff's claim; it consists of legal conclusions, rather than factual assertions; and it does not comply with the court's previous order. (See ECF No. 41.)

Defendant's arguments are well taken. Plaintiff's first amended complaint consists of 186 pages, but does not include a short plain statement of plaintiff's claims, demonstrating that he is entitled to relief. (See ECF No. 18.) Importantly, while plaintiff points out that he used the court's own complaint form for employment discrimination claims, he has failed to follow the instructions on this form. Under "Statement of Claim" the form directs plaintiff to

> Write a short and plain statement of the claim. . . . State as briefly as possible the facts showing that each plaintiff is entitled to the damages or relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights.

(ECF No 18 at 4.) These instructions essentially direct a plaintiff to state a claim pursuant to Federal Rule of Civil Procedure 8(a)(2).

In response, plaintiff provides the following as the facts of his case:

> Unlawful Discrimination based on my race, religion, and national origin. Ongoing Retaliation since 2013, bias, racism, fascism, hate and corruption. Please see the attached documents and Exhibits.
>
> I strongly believe that Northcentral University paid bribes to the

9

> EEOC officials to close my first EEOC's [sic] charge as I was forced to withdraw my second charge due to intentional and systematic corruption between the defendant's legal affairs team and lawyers and the EEOC's officials. This was reported to the FBI.

(ECF No. 18 at 6.)

Plaintiff's statements are deficient as a short plain statement demonstrating that he is entitled to relief, because they are mere legal conclusions. See Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678. The court does not take such conclusory allegations and legal conclusions at face value. See Paulsen, 559 F.3d at 1071. Specifically, even though plaintiff directs the court to the attached documents and exhibits he included, it is uncertain what alleged facts support his discrimination and retaliation claims against defendant. Moreover, plaintiff states that he believes that defendant bribed government officials, but apparently has no proof of this allegation. Plainly, the first amended complaint does not include, on its face, sufficient factual allegations to state a claim to relief. See Iqbal, 556 U.S. at 678.

Plaintiff maintains that the first amended complaint should not be dismissed because the court has refused to appoint him counsel; the court explicitly held that the first amended complaint was suitable for service; and plaintiff followed the court's direction. (See ECF No. 45.)

The deficiencies in plaintiff's first amended complaint are not excused by the fact that he proceeds without counsel. While the court is sympathetic to the difficulties associated with proceeding without an attorney in federal court, the court appropriately denied plaintiff's prior motions to appoint counsel. (See ECF Nos. 11, 20, 26.) There is no pool of attorneys from which the court may appoint an attorney to every *pro se* civil plaintiff. Further, as the court previously observed, it is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).

Additionally, contrary to plaintiff's assertions, the court's order directing service of the first amended complaint did not prevent defendant from challenging the sufficiency of the first amended complaint. Rather, the court explicitly "reserve[d] decision as to plaintiff's claims" and

explained that the "order d[id] not preclude defendant from challenging plaintiff's first amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12." (ECF No. 20 at 2.)

Plaintiff also asserts that his first amended complaint only exceeds 20 pages because he was given explicit permission by the court to submit exhibits in excess of the 20 page limit. (ECF No. 45 at 2.) However, this does not excuse plaintiff's failure to state a sufficient claim on the face of the first amended complaint. Moreover, to the extent that the court has created any confusion, plaintiff is advised to read this order carefully before preparing the second amended complaint. No supplemental direction will be provided.

In summary, the court dismisses plaintiff's first amended complaint because it fails to state, on its face, a claim upon which relief may be granted. At the same time, plaintiff is granted one final leave to amend.

If plaintiff elects to file an amended complaint, it shall be captioned "Second Amended Complaint," shall be typed or written in legible handwriting, **shall not exceed 20 pages including all attachments and exhibits,** and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filings in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the second amended complaint is filed, the prior complaints no longer serve any function in the case. However, here, **because plaintiff has already provided the court and defendant with numerous copies of his EEOC charges and correspondence from the agency, plaintiff need not resubmit these documents.** Plaintiff may instead refer to the charges and letters, by citing to the docket document number and specific page number(s) where each is located (for example "May 27, 2016 Charge of Discrimination, ECF No. 18 at 32").

Importantly, **plaintiff is advised that his claims for relief must be sufficiently stated on the face of the second amended complaint**, and while plaintiff may cite to the charges and letters he previously submitted, the complaint must include sufficient factual allegations on its

own. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Finally, nothing in this order requires plaintiff to file a second amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to transfer venue (ECF No. 38) is DENIED.
2. Plaintiff's motion for default judgment (ECF No. 46) is DENIED.
3. Defendant's motion to dismiss (ECF No. 41) is GRANTED
4. The first amended complaint (ECF No. 18) is DISMISSED WITH LEAVE TO AMEND.
5. Within 28 days of this order, plaintiff shall file either (a) a second amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
6. Failure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
7. The initial scheduling conference set for March 29, 2018 (ECF No. 27) is VACATED, subject to being reset, if appropriate.

IT IS SO ORDERED.

Dated: February 23, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.17-1990.aljindi.ORDER mtd

12