UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD J. ALJINDI,<br><br>  Plaintiff,<br><br>  v.<br><br>NORTHCENTRAL UNIVERSITY,<br><br>  Defendant. | No. 2:17-cv-01990-JAM-KJN PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Ahmad J. Aljindi, proceeding without counsel, commenced this action on September 26, 2017, and was granted leave to proceed *in forma pauperis*. (ECF Nos. 1, 4.) Plaintiff has filed several motions in this matter: to disqualify the magistrate judge; to utilize the court's electronic filing system; to appoint counsel; to transfer venue; and for default judgment. (See ECF Nos. 3, 7, 13, 14, 16, 23, 38, 46.) The court has denied each of these motions, as each has been without merit or sufficient legal justification. (See ECF Nos. 4, 11, 20, 26, 57.)

On November 9, 2017, plaintiff filed his first amended complaint, which defendant then moved to dismiss. (ECF Nos. 18, 41.) The court granted defendant's motion to dismiss on February 23, 2018. (ECF No. 57 at 12.) At the same time, plaintiff was granted leave to amend. (Id.) Specifically, the court ordered plaintiff to "file either (a) a second amended complaint . . . or (b) a notice of voluntary dismissal of the action" within 28 days. (Id.) As such, plaintiff's deadline to file a second amended complaint was March 23, 2018.

1

The court explicitly warned plaintiff that "[f]ailure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) Although the applicable deadline has now passed, plaintiff has failed to file an amended complaint or notice of voluntary dismissal. Therefore, the court recommends dismissal at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal here. The first two Ferdik factors strongly support dismissal, given that plaintiff's failure to comply with the court's order and failure to prosecute his case have unreasonably delayed the progress of this litigation. Moreover, plaintiff's failure to timely file a second amended complaint, as ordered, is especially egregious because he clearly knows how to file motions and pleadings. Plaintiff has already filed eight motions and two complaints in this matter. (See ECF Nos. 1, 3, 7, 13, 14, 16, 18, 23, 38, 46.)

The third Ferdik factor also favors dismissal. Defendant has already appeared, and made clear its intention to have this matter resolved. Yet, plaintiff's failure to prosecute the case has hampered defendant's ability to move this case forward towards resolution.

Additionally, the fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal. The court already attempted less drastic measures, when it afforded plaintiff leave to amend. However, given plaintiff's *in forma pauperis* status, monetary sanctions would be futile. Further, because plaintiff has failed to provide a complaint that states a valid cause of action, the court cannot fashion any other sort of lessor sanction, at this juncture.

Finally, the court finds that the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, does not materially counsel against dismissal. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's order and to prosecute his case. In any event, the court finds that the fourth Ferdik factor is outweighed by the other Ferdik factors.

Consequently, dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
2. The Clerk of Court be directed to vacate all dates and close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 30, 2018

14/ps.17-1990.aljindi.f&R 41b dismissal

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4